IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| **JOSE ISIDRO MORALES MEMBRENO,** *Petitioner*, v. **PAMELA BONDI,** *et al.*,[1] *Respondents*. | Civil No.: 1:25-cv-04189-JRR |

## ORDER

Pending before the court is Jose Isidro Morales Membreno's Petition for Writ of Habeas Corpus (ECF No. 1; the "Petition"), as well as Respondents'[2] Response to Petition and Motion to Dismiss (ECF No. 10; the "Motion to Dismiss"). The court has reviewed all papers, including the parties' Joint Notice at ECF No. 12. For the reasons set forth on the record at the hearing convened today, it is this 29th day of January 2026:

**ORDERED** that the Petition (ECF No. 1) shall be, and is hereby, **GRANTED in part and DENIED as moot in part** as follows: The Petition is **GRANTED** as to Count III; and otherwise **DENIED AS MOOT**. Specifically, Petitioner is subject to discretionary detention under 8 U.S.C. § 1226(a), not mandatory detention under 8 U.S.C. § 1225(b); and Petitioner is entitled to a bond hearing consistent with 8 C.F.R. §§ 236.1(d), 1003.19, and 1236.1(d). Therefore, Respondents shall be, and are hereby, **ENJOINED** from detaining Petitioner pursuant to 8 U.S.C. § 1225(b); and further it is

**ORDERED** that the Motion to Dismiss (ECF No. 10) shall be, is hereby, **DENIED**; and

---

[1] Vernon Liggins was recently named Acting Field Office Director for Immigration and Customs Enforcement's Baltimore Field Office. Pursuant to Federal Rule of Civil Procedure 25(d), Madam Clerk shall substitute Vernon Liggins for Jeremy Bacon as a Respondent in this action.
[2] Respondents are referred to herein collectively as the "Government."

further it is

**ORDERED** that a bond hearing with a meaningful consideration of the applicable, relevant factors shall be held within 10 days of Petitioner's filing a motion for same with the Immigration Court. The bond hearing may be conducted by an Immigration Judge with jurisdiction or control over Petitioner's detention; and further it is

**ORDERED** that, if bond is granted and Petitioner is released, nothing in this order precludes Immigration and Customs Enforcement from imposing reasonable conditions of release to the extent permissible by law; and further it is

**ORDERED** that the court shall **RETAIN** jurisdiction over this matter to enforce compliance with this order.

Madam Clerk is directed to **CLOSE THIS CASE**.

/S/
_____
Julie R. Rubin
United States District Judge